★ FILED ★

2012 APR -5 PM 11:29

CLERK
U.S. DISTRICT COURT
E.D.N.Y.
AFTER HOURS DROP BOX

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SHAWN STOKES,

                        Plaintiff,

         -against-

JOSE A. RUIZ, (Shield No.: 22875), CHRISTOPHER
HELD (Shield No.: 2103), JOHN LYDON, and JOHN
AND JANE DOES Individually and as Police and
Supervisory Officers of the New York City Police
Department, the identity and number of which is
presently unknown,

                       Defendants.
-----------------------------------------------------------X

COMPLAINT

**CV 12 - 1726**

JURY TRIAL
DEMANDED

ROSS, J.

POLLAK, M.J

Plaintiff, Shawn Stokes by his attorney, the Law Office of Glenn A. Wolther, as and for his complaint alleges as follows:

**Jurisdiction & Venue**

1. Jurisdiction is based on 28 U.S.C. §§1331 and 1343.

2. Venue is properly lodged in this Judicial District pursuant to 28 U.S.C. §1391(b)(1), this being the District in which the majority of events and omissions giving rise to the claims occurred.

## Parties

3.  At all times material hereinafter mentioned Plaintiff, Shawn Stokes ("Plaintiff" or "Stokes") is an adult male.

4.  At all times material hereinafter mentioned, Defendant the City of New York ("NYC"), was and is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York. NYC acts by and through its agencies, employees, and agents including but not limited to the New York City Police Department ("NYPD") and its employees. The NYPD is a non-suable subdivision of NYC and its employees are employees of NYC.

5.  Upon information and belief, at all times material hereinafter mentioned, Defendant Jose A. Ruiz, (Shield No. 22875, Tax Reg #915951), ("Ruiz") was assigned to Highway Patrol Unit 2 of the NYPD and is a police officer employed, trained, retained, and supervised, by NYC and the NYPD at Highway Patrol Unit 2. Plaintiff brings this action against Ruiz in his personal and official capacities.

6.  Upon information and belief, at all times material hereinafter mentioned, Defendant Christopher Held, Shield No.: 2103 ("Held") was assigned to Highway Patrol Unit 2 of the NYPD and is a police officer employed, trained, retained, and supervised, by NYC and the NYPD at Highway Patrol Unit 2. Plaintiff brings this action against Held in his personal and official capacities.

7.  Upon information and belief, at all times material hereinafter mentioned,

Defendant John Lydon ("Lydon") was assigned to Highway Patrol Unit 2 of the NYPD and is a police Sergeant employed, trained, retained, and supervised, by NYC and the NYPD at Highway Patrol Unit 2 who supervised Ruiz and Held. Plaintiff brings this action against Lydon in his personal, supervisory, and official capacities.

8. Upon information and belief, at all times material hereinafter, Defendants, John and Jane Does are or were members of the NYPD and are/were employed, retained, trained, and supervised by NYC and the NYPD as police and supervisory officers. Plaintiff brings this action against John and Jane Does in their individual, official, and supervisory capacities.

9. Defendants Ruiz, Held, Lydon and the John and Jane Does, are hereinafter collectively referred to as the "NYPD Defendants" At all times material hereinafter, the NYPD Defendants were acting under color of law and pursuant to their authority as police officers and supervisory officers and employees of NYC and the NYPD. All of the NYPD Defendants actions described herein are within the scope of their employment. The NYPD Defendants are State Actors.

10. Under the Charter of the City of New York, NYC is responsible for the conduct of municipal agencies such as NYPD, and as such is the legal entity responsible for implementing any legal or equitable relief ordered by the Court in this action.

## Facts

11. On April 4, 2009 Plaintiff was involved in an multiple car incident in the vicinity of Mill Bason and Shore Parkway, in Kings County, New York.

12. Upon information and belief, an off duty member of the NYPD was present in one of the vehicles involved.

13. Defendants Ruiz and Held arrived at the location of the incident.

14. After Ruiz and /or Held talked to the off-duty member of the NYPD, Plaintiff was placed handcuffs and arrested.

15. Plaintiff did not feel and in fact was not was not free to leave custody of Ruiz or held.

16. Upon information and belief, at no time was Plaintiff asked by Ruiz or Held to take a chemical test, to determine the alcohol content of his breath.

17. Upon information and belief, given the facts and circumstances no reasonable police officer would have arrested Plaintiff.

18. At no point had Plaintiff violated any Federal, State, or local law, nor, upon information and belief was there any reasonable basis for the NYPD Defendants to believe that Plaintiff had committed a crime or violation.

19. Upon information and belief, at no point did the NYPD Defendants have sufficient legal cause to stop, detain, search, seize, or arrest Plaintiff, nor was there any reasonable basis for the NYPD Defendants to believe such cause existed.

20. Following his unlawful seizure and arrest Plaintiff was removed from the location of the multi vehicle incident and transported to a hospital for injuries he has sustained.

21. Subsequently, Plaintiff was transported from the hospital to a NYPD police station and then after to the NYPD's Central Booking until he was ultimately taken to Kings County Criminal Court.

22. Upon information and belief, Plaintiff was arraigned on April 5, 2009.

23. Based upon Ruiz's sworn complaint, Plaintiff was charged, with, *inter alia*, violating various provisions New York Vehicle and Traffic Law §1192.

24. Upon information and belief, falsely claimed in the complaint to have observed Plaintiff *inter alia*, in an intoxicated manner. Upon information and belief, Ruiz

also falsely testified and created paper work, regarding Plaintiff's purported refusal to take a chemical breath test.

25. Upon information and belief, Ruiz's allegations in the Criminal Complaint and other paper work utilized in the arrest and prosecution were materially false, and Ruiz's knew them to be false at the time they were made.

26. Upon information and belief, the other NYPD Defendants also knew, or should have known, that the Criminal Complaint and other paper work utilized in the arrest and prosecution in criminal court were materially false at the time Ruiz's made them.

27. Upon information and belief, the NYPD Defendants conspired and aided and abated one another in commencing false and abusive criminal process and proceedings against Plaintiff for improper and illegal ends.

28. Upon information and belief, Plaintiff was unjustly and unlawfully subjected to abusive criminal process, and DMV drivers license renovation proceedings, in order to justify the NYPD Defendants' improper attempt to cover for an off duty NYPD officer, who was involved in the multiple car incident in the vicinity of Mill Bason and Shore Parkway with Plaintiff that evening.

29. Upon information and belief, the NYPD Defendants agreed to fabricate false charges and false paperwork and aid and abet one another in doing so.

30. Upon information and belief, at no time did the NYPD Defendants have sufficient cause to commence criminal process against Plaintiff, or cause such process to be

commenced, nor was there any basis for the NYPD Defendants to reasonably believe that such cause existed.

31. Upon information and belief, the NYPD Defendants actions were willful, intentional, and malicious.

32. Following Plaintiff's release after his arraignment he continued to had diminished liberty continued, until a trial Jury acquitted him at trail on all charges in 2011, at which point the criminal action was favorably terminated and dismissed.

33. Upon information and belief, the NYPD Defendants actions were taken, in part or whole, to deprive him of his Constitutional rights and in furtherance of an illegitimate collateral objective of tying to cover for the off duty NYPD officer.

34. Upon information and belief, no police officer or other NYPD defendant intervened or stopped the NYPD Defendants from seizing, arresting, charging, or prosecuting Plaintiff.

35. Upon information and belief, no supervisory NYPD member or officer prevented or remedied the unlawful arrest.

36. Upon information and belief, supervisory NYPD members and officers ratified the arrest, tacitly or explicitly.

37. At no time did the NYPD Defendants have sufficient cause to commence criminal

process against Plaintiff, or cause such process to be commenced, nor was there any basis for the NYPD Defendants to reasonably believe that such cause existed.

### FIRST CAUSE OF ACTION
### FEDERAL CLAIMS
### AGAINST ALL INDIVIDUAL DEFENDANTS

38. Plaintiff repeats and realizes each and every allegation contained in paragraphs 1 through 37 as if set forth fully herein.

39. Upon information and belief, the NYPD Defendants violated, conspired to violate, and aided and abetted in the violation of Plaintiff's clearly established and well-settled federally protected rights.

40. The acts and conduct described herein deprived the Plaintiff of her rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of and 42 U.S.C. §1983,

   (a) To be free of unreasonable search and seizure of her person and effects, by police officers acting under color of law;
   (b) To be free from unlawful warrantless arrest by police officers acting under color of law;
   (c) To be free from False Imprisonment by police officers acting under color of law;
   (d) Not to be deprived of Liberty without Procedural and / or Substantive Due Process of Law;
   (e) To be free from Abuse of Process;
   (f) To be free from Malicious Prosecution; and
   (g) To Equal Protection under the law, and not to be deprived of any

Right or Privileges of a citizen;

41. Upon information and belief, the acts and conduct of the NYPD Defendants described above was intentional, wanton, malicious and oppressive.

42. As a direct and proximate result of the NYPD Defendants' acts described herein, the NYPD Defendants have caused Plaintiff to suffer deprivation of his liberty, mental and emotional distress, suffering, humiliation, embarrassment, economic, and other damages.

## SECOND CAUSE OF ACTION
## FEDERAL CLAIMS
## AGAINST SUPERVISORY DEFENDANTS

43. Plaintiffs repeat and realize each and every allegation contained in paragraphs 1 through 42 as if repeated fully herein.

44. Upon information and belief, defendants Lydon and the John and Jane Does failed to supervise, monitor, train and discipline Ruis and Held.

45. Upon information and belief, defendants Lydon and the John and Jane Does and other NYPD Defendants have shirked their duty to ensure that officers under their control, and accountable to them, do not engage in civil rights violations and unlawful conduct.

46. Upon information and belief, the acts and conduct of Lydon and the other supervisory John and Jane Does described above was intentional, wanton, malicious and oppressive.

47. As a direct and proximate result of Lydon and the other supervisory John and Jane Doe Defendants' acts described above, they have caused Plaintiff to suffer deprivation of his liberty, mental and emotional distress, humiliation, embarrassment, economic and other damages.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38 Plaintiff demands a trial by jury, on all issues so triable, in this action.

**WHEREFORE**, Plaintiff, Shawn Stokes, demands judgment and prays for the following relief, jointly and severally, against the individual NYPD Defendants:

(a) Full and fair compensatory and punitive damages in an amount to be determined by a Jury;

(b) Statutory Attorneys Fees pursuant to, *inter alia*, 42 U.S.C. §§1988, the costs and disbursements of this action; and

(c) Such other and further relief as appears just and proper.

Dated: New York, New York
April 5, 2012

BY: [signature]
Glenn A. Wolther
*Attorney At Law*
305 Broadway, Suite 1102
New York, New York 10007
Tel: (212) 964-2120

*Attorney for Plaintiff*
Shawn Stokes